IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 26 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.: 1:15cv360 LG-RHW<br>) |
| v. | )<br>) JURY TRIAL DEMAND |
| WORKPLACE STAFFING SOLUTIONS, L.L.C. | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jonika Walton ("Walton") and a class of women who were adversely affected by such practices. As alleged with greater particularity below, Defendant Workplace Staffing Solutions, L.L.C. ("Defendant") subjected Walton and a class of at least 33 women who applied or were deterred from applying for temporary residential trashcan collector ("RTCC") positions in the Harrison County, Mississippi area to discrimination on the basis of sex. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying women employment because of their sex in violation of Title VII.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed in Gulfport, Mississippi, within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Louisiana limited liability company doing business in the State of Mississippi and the City of Gulfport, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Walton filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On August 6, 2013, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.  In its efforts to conciliate, the Commission attempted to engage in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.  The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On May 21, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least September 2012, Defendant has engaged in unlawful employment practices at its Gulfport, Mississippi facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-2(a)(2). Specifically, Defendant subjected Walton and a class of at least 33 women who applied or were deterred from applying for Residential Trash Can Collector positions to discrimination on the basis of sex.

(a) On or about September 20, 2012, Walton contacted the WIN Job Center in Biloxi, Mississippi about an advertisement for openings for Residential Trash Can Collectors that she had seen a few days earlier;

(b) Walton obtained a written job referral from WIN Job Center to provide to Defendant;

(c) Walton contacted Defendant and spoke with Defendant's employee Lisa Hayes by telephone and inquired how she could apply for the Residential Trash Can Collector ("RTCC") position;

(d) Hayes replied that the RTCC position was a "male only" job and that WIN should have included that information in the requirements section of the job announcement;

(e) Hayes then ended the conversation;

(f) As a result of this conversation, Walton never filled out a written employment application;

(g) During the time that Defendant was hiring persons for RTCC positions, approximately 33 other females applied with Defendant for an RTCC position or any available position;

(h) Defendant hired approximately 100 to 130 persons for RTCC positions in September and October 2012, and all were males;

(i) Despite meeting all qualifications, neither Walton nor any member of the class was hired for or offered an RTCC position.

13. Since at least September 2012, Defendant has engaged in a pattern or practice of failing and refusing to hire women into Residential Trash Can Collector positions on the basis of sex.

14. The effect of the practices complained of in paragraph twelve (12) above has been to deprive Walton and a class of qualified women of equal employment opportunities because of their sex.

15. The unlawful employment practices complained of in paragraph twelve (12) above were intentional.

16. The unlawful employment practices complained of in paragraph twelve (12) above were done with malice or with reckless indifference to the federally protected rights of Walton and the class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

engaging in discriminatory hiring practices by refusing to hire females for employment because of their sex, and any other employment practices which discriminate on the basis of sex.

 B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

 C. Order Defendant to make whole Walton and the class of qualified women, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring, and, where appropriate, front pay and instatement.

 D. Order Defendant to make whole Walton and the class, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs twelve (12) through sixteen (16) above, including relocation expenses and job search expenses, in amounts to be determined at trial.

 E. Order Defendant to make whole Walton and the class by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs twelve (12) through sixteen (16) above, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, and humiliation, in amounts to be determined at trial.

 F. Order Defendant to pay Walton and the class punitive damages for its malicious and reckless conduct described in paragraphs twelve (12) through sixteen (16) above, in amounts to be determined at trial.

 G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RESPECTFULLY SUBMITTED,**

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

*/s/ C. Emanuel Smith*
C. EMANUEL SMITH
(MS Bar # 7473)
Regional Attorney

*/s/ Marsha L. Rucker*
MARSHA L. RUCKER
(Pa. Bar #90041)
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041