IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| v. | CAUSE NO. 1:15CV360-LG-RHW |
| WORKPLACE STAFFING SOLUTIONS | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is the Motion for Default Judgment [9] filed by the Equal Employment Opportunity Commission (EEOC). After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion for Default Judgment should be granted.

## FACTS

The EEOC filed this lawsuit on behalf of Jonika Walton "and a class of at least thirty-three women who applied or were deterred from applying for temporary residential trashcan collector . . . positions in the Harrison County, Mississippi area." (Compl. at 1, ECF No. 1). The EEOC alleges that the defendant Workplace Staffing Solutions, a temporary staffing agency, subjected these women to gender discrimination. Workplace Staffing was served with process on January 25, 2016, but it has not filed an answer or otherwise appeared to defend this lawsuit.

In the present Motion, the EEOC is seeking a default judgment against Workplace Staffing on behalf of the following six women who have submitted affidavits concerning the damages they suffered as a result of the discrimination: Jonika Walton, Jerrica Stokes, Janice Monteleone, April Edwards, Yvette Bouie,

and Susan Spinks.[1]

The claimant Jonika Walton has testified that she spoke with Workplace Solutions' Administrative Assistant Lisa Hayes about her interest in the trash can collection job. (Pl.'s Mot., Ex. H, ECF No. 9-8). Hayes informed Walton that it was a "male only job," so Walton never completed an employment application for the position. (*Id.*) Jerrica Stokes testified that a Workplace Staffing employee told her that they only had "industrial jobs that are usually for men." (Pl.'s Mot., Ex. J, ECF No. 9-10). Janice Monteleone testified that a woman at the Workplace Staffing office said the collection job was "more of a job for a guy," so she did not pursue the job further. (Pls.' Mot., Ex. I, ECF No. 9-9). Jerrica Stokes testified that a Workplace Staffing employee told her "we only have industrial jobs that are usually for men." (Pls.' Mot., Ex. J, ECF No. 9-10). Stokes was never offered a job even though she had filled out an application stating that she was applying for any position available. (*Id.*) April Edwards testified that Workplace Staffing told her there were no positions available, even though the collection job was available at the time. (Pl.'s Mot., Ex. K, ECF No. 9-11). Yvette Bouie and Susan Spinks testified that they applied for the collection position, but they were not hired. (Pl.'s Mot., Ex. L, Ex. M, ECF No. 9-12, 9-13). They each seek $1500 in lost wages, and $5000 in punitive damages, as well as varying amounts of damages for emotional

---

[1] The EEOC has represented to the Court that it was unable to locate the remaining individuals in the proposed class and therefore it does not intend to prosecute the case on behalf of those individuals. (Min. Entry, Apr. 26, 2016). As a result, this case will be closed upon entry of the default judgment.

distress.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may then seek a default judgment pursuant to Fed. R. Civ. P. 55(b).

"By his default, a defendant admits the well-pleaded allegations of fact appearing in the complaint." *LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14cv39-KS-MTP, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014). "Yet, the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (citation and quotation marks omitted). "A defendant's default also fails to establish conclusively the amount of damages." *Id.*

The Fifth Circuit has held that in the context of a default judgment, damages should not be "awarded without a hearing *or* a demonstration by detailed affidavits establishing the necessary facts." *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (emphasis added). Since the EEOC has provided thorough affidavits that detail the facts that led to the filing of this lawsuit as well as the damages suffered by the women who applied for the position, the Court finds that a hearing is unnecessary. The Court will determine the appropriate amount of damages to award based on the affidavits submitted.

## I. LOST WAGES

The EEOC has provided evidence that the pay for the collection position was

$10 per hour with ten hour work days. (Pl.'s Mot., Ex. A, ECF No. 9-1). The job started on September 26, 2012, and those hired for the position worked for approximately three weeks. (*Id.*) As a result, the Court finds that each of the claimants should be awarded $1500 in back pay, which represents three weeks (or fifteen days) of work at a rate of $10 per hour.

## II. EMOTIONAL DISTRESS

42 U.S.C. § 1981a(b)(3)(D) provides:

The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party – in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

The EEOC has provided evidence that Workplace Staffing has approximately 3000 employees. (Pl.'s Mot., Ex. A, ECF No. 9-1). Therefore, each claimant in this case can recover up to $300,000 in compensatory and punitive damages.

Walton has testified that at the time she was denied the opportunity to apply for the collector job, she was a single mother experiencing financial difficulty. (Pl.'s Mot., Ex. H, ECF No. 9-8). She experienced stress, depression, discouragement, feelings of worthlessness, and anger as a result. (*Id.*) She cried frequently, and she did not eat for two to three days following her conversation with Hayes. (*Id.*) Furthermore, she claims that her vehicle was repossessed as a result of Workplace Solutions' failure to hire her. (*Id.*) The Court finds that she is entitled to recover

$30,000 in damages for emotional distress.

Monteleone has testified that the discrimination by Workplace Staffing caused her to experience sleeplessness, stress, anxiety, fear, and humiliation. (Pl.'s Mot., Ex. I, ECF No. 9-9). The Court finds that Monteleone is entitled to $25,000 in damages for the emotional distress she experienced.

Stokes testified that Workplace Staffing's actions caused her to experience stress, anxiety, depression, anger, embarrassment, and humiliation. (Pl.'s Mot., Ex. J, ECF No. 9-10). The Court finds that $25,000 in damages would compensate Stokes for the emotional distress she experienced.

Edwards testified that she was an unemployed, single mother raising three children when she applied for the collection job. (Pl.'s Mot., Ex. K, ECF No. 9-11). The discrimination caused her to suffer sleeplessness, stress, frustration, worry, anger, anxiety, humiliation, depression, and fear. (*Id.*) The Court finds that $20,000 in damages would compensate Edwards for the emotional distress she experienced.

Bouie testified that she was an unemployed single mother of two children when she applied for the collection job. (Pl.'s Mot., Ex. L, ECF No. 9-12). Since she was not offered a job, she lost her apartment and was forced to move in with her mother. (*Id.*) She testified that she felt like less of a woman because she could not provide for her family. (*Id.*) She felt upset, embarrassed, hurt, angry, worried, depressed, and stressed. (*Id.*) She also suffered sleeplessness, stress headaches, and loss of appetite. (*Id.*) The stress also had a negative impact on her relationship

with her mother.  (*Id.*)  The Court finds that $20,000 in damages would compensate Bouie for the emotional distress she experienced.

Spinks testified that she and her husband and their three young children were living in one bedroom in her aunt's house when she applied for the collection job.  (Pl.'s Mot., Ex. M, ECF No. 9-13).  Workplace Staffing hired Spinks' husband for the collection position but did not hire Spinks.  (*Id.*)  When she was denied the position, she felt upset, worried, stressed, anxious, hurt, discouraged, and depressed.  (*Id.*)  She felt like no one would hire her, which hurt her self-esteem.  (*Id.*)  The stress caused her to experience headaches.  (*Id.*)  The Court finds that Spinks should be awarded $20,000 for the emotional distress she experienced.

## III.  PUNITIVE DAMAGES

42 U.S.C. § 1981a(b)(1) provides that "[a] complaining party may recover punitive damages . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  The claimants' affidavits demonstrate that Workplace Staffing acted with reckless indifference to the claimants' federally protected rights.  As a result, each claimant is entitled to recover $5000 in punitive damages.

### CONCLUSION

For the foregoing reasons, the EEOC's Motion for Default Judgment is granted.  The claimant Jonika Walton is awarded a total of $36,500, which represents $1500 in back pay, $30,000 for emotional distress, and $5000 in punitive

damages.  Janice Monteleone is awarded a total of $31,500, which represents $1500 in back pay, $25,000 for emotional distress, and $5000 in punitive damages.  Jerrica Stokes is awarded a total of $31,500, which represents $1500 in back pay, $25,000 for emotional distress, and $5000 for punitive damages.  April Edwards is awarded a total of $26,500, which represents $1500 in back pay, $20,000 for emotional distress, and $5000 in punitive damages.  Yvette Bouie is awarded a total of $26,500, which represents $1500 in back pay, $20,000 for emotional distress, and $5000 in punitive damages.  Susan Spinks is awarded a total of $26,500, which represents $1500 in back pay, $20,000 for emotional distress, and $5000 in punitive damages.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Default Judgment [9] filed by the Equal Employment Opportunity Commission is **GRANTED**.  The claimant Jonika Walton is awarded a total of $36,500.  Janice Monteleone is awarded a total of $31,500.  Jerrica Stokes is awarded a total of $31,500.  April Edwards is awarded a total of $26,500.  Yvette Bouie is awarded a total of $26,500.  Susan Spinks is awarded a total of $26,500.  A separate default judgment will be entered pursuant to Fed. R. Civ. P. 55(b) and Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE